Robert C Weems (SBN 148156)
Weems Law Offices
769 Center Blvd., PMB 38
Fairfax, CA 94930
Ph: 415.881.7653
Fx: 866.610.1430
rcweems@weemslawoffices.com
    Attorney for Plaintiff,
    JERSEY BREEDLOVE-O'NEAL II

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

(SACRAMENTO DIVISION)

| | |
|---|---|
| JERSEY BREEDLOVE-O'NEAL II,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Civil No. 2:24-cv-00398-JDP<br><br>**STIPULATION FOR THE AWARD AND PAYMENT OF ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d)** |

   IT IS HEREBY STIPULATED by and between the parties, through their undersigned counsel, subject to the approval of the Court, that Plaintiff be awarded attorney fees of EIGHT THOUSAND FIVE HUNDRED DOLLARS AND NO CENTS ($8,500.00) under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. § 2412(d).

   After the Court issues an order for EAJA fees to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees to counsel Robert C. Weems (Counsel). Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 598 (2010), the ability to honor the assignment will depend on whether the fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program. After the order for EAJA fees is entered, the government will determine whether they are subject to any offset.

1   Fees shall be made payable to Plaintiff, but if the Department of the Treasury determines
2   that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees to
3   be made directly to Counsel, under the assignment executed by Plaintiff. Any payments made
4   shall be delivered to Counsel.

5   This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA
6   attorney fees and is not an admission of liability by Defendant under the EAJA or otherwise.
7   Payment of the agreed amount constitutes a complete release from, and bar to, any and all claims
8   that Plaintiff and/or Counsel, including Counsel's law firm and associates, may have relating to
9   EAJA attorney fees in connection with this action.

10   This award is without prejudice to the rights of Counsel to seek Social Security Act
11   attorney fees under 42 U.S.C. § 406(b), subject to the saving clause provisions of the EAJA.

| WEEMS LAW OFFICES | PHILLIP A. TALBERT |
| --- | --- |
| | United States Attorney |
| | Eastern District of California |
| | MATHEW W. PILE |
| | Associate General Counsel |
| | Office of Program Litigation, Office 7 |
| | Office of the General Counsel |
| | Social Security Administration |
| | CASPAR I. CHAN (CA SBN 294804) |
| | Special Assistant United States Attorney |
| | |
| */s/Robert C. Weems*         By: | */s/ Caspar I. Chan* |
| Robert C. Weems, | CASPAR I. CHAN |
| Attorney for Plaintiff | Special Assistant United States Attorney |
| | Attorney for Defendant |

IT IS SO ORDERED.

Dated:   November 14, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

AWARD UNDER 28 U.S.C. § 2412(d)          2          Civil No. 2:24-cv-00398-JDP